# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50971
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL DE JESUS CHICAS-GUEVARA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-862-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel De Jesus Chicas-Guevara challenges his 30-month sentence which was within the sentencing range for the advisory Sentencing Guidelines and was imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. In claiming his sentence substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a), Chicas maintains his advisory

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50971

Guidelines-sentencing range is too severe because the reentry Guideline is not based on empirical analysis, the Guidelines double-count his criminal history, and they fail to account for the "international trespass" nature of his reentry offense.  He further claims the court failed to consider:  his benign motive for returning; his strong ties to the United States; and his substance abuse.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Chicas does not claim procedural error.  Instead, as noted, he claims only that his sentence is substantively unreasonable.

Conceding he failed to object to the reasonableness of his sentence in district court, Chicas asserts plain-error review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence.  He acknowledges, however, that this issue is foreclosed, and he raises it only to preserve it for further possible review.  *E.g., United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under the plain-error standard, Chicas must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

No. 14-50971

As he concedes, Chicas' empirical-data contention is foreclosed. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009). This court has also rejected Chicas' international-trespass contention. *E.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). (Again, he raises both claims only to preserve them for further possible review.)

Additionally, Chicas' within-Guidelines sentence is presumed reasonable. *E.g., United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012) (citation omitted). His general disagreement with the propriety of his sentence and the court's weighing of the § 3553(a) factors is insufficient to rebut that presumption. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Further, the court considered Chicas' claims in mitigation and rejected them. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.